[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Gary Kazanjian and Patricia Lampugnale have brought the instant action seeking both temporary and permanent injunctive relief and damages against the defendants Joseph and Christine Carollo for violating a utility and access easement by the erection of a fence within the easement. The parties are neighbors but unlike Robert Frost's offering in Mending Walls, this fence has not made good neighbors.
There are very few issues actually in dispute. The plaintiffs are the owners, by deed, of a thirty-foot wide easement which is improved by a10-12 foot gravel drive over which both they and the defendants travel to their respective homes in Glastonbury. At some point, the defendants, who own horses, constructed a fence running about ten feet into the easement for approximately 160 feet and somewhat less for 80 feet both along the southerly border. The fence was placed along the natural edge of the grass pasture abutting the gravel driveway. The defendants also constructed a flower bed near but outside the easterly terminus of the easement.
The evidence shows that two vehicles, can clearly pass within the easement although depending on their size, one may be off the gravel portion on the northerly side. As mentioned, the plaintiffs also may utilize the easement for utilities but there is no dispute on this issue.
As set forth in Connecticut Light Power Co. v. Holson Co.,185 Conn. 436, 440-41, 440 A.2d 935 (1981), "[t]he rule is well-established that the owner of an easement is entitled to relief upon a showing that he will be disturbed or obstructed in the exercise of his right. The granting or refusing of injunctive reliefs however, rests within the sound discretion of the trial court and its action will not be disturbed unless it has abused its discretion. . . . [T]he power of equity to grant injunctive relief may be exercised only under demanding circumstances. (Citations omitted; internal quotation marks omitted.) CT Page 1161
While it is clear that the fence intrudes into the easement, it is also clear that the fence does not impact the plaintiffs' ability to pass and repass or install or locate their utility lines. No claim has been made, nor could there be, that the gravel portion of the easement must be thirty feet wide. Rather, the evidence indicates that the unobstructed portion of the easement is approximately twenty feet wide, a distance which meets the zoning requirement of sixteen feet. As noted inConnecticut Light Power Co. v. Holson Co., supra, 185 Conn. 443, in which the court held that the parking, unloading and loading of trucks within an electrical transmission right of way did not materially interfere with the owner's rights, "[t]he rights of an easement owner and the owner of the servient tenement are correlative. Even absent a proviso in the deed restricting the grantor to non-interfering uses of the land, the law implies such restrictions. . . . When, however, what is necessary for the use and enjoyment is uncertain, a standard of reasonableness is imposed." (Citations omitted.) In this case, the deed surely gave the plaintiffs the right to access over the thirty feet for the installation of utilities and states that the "the easement shall be for the purposes of a driveway for access and all other proper purposes including all utility service as described herein to service the property to the rear of 300 Main Street." Yet, the deed also states that "[t]he Grantor herein reserves to itself, its successors and assigns [the defendants], the right to continue to use the land within which the aforesaid easement has been granted for any uses and purposes which shall not unreasonably interfere with the uses thereof by the Grantees, their heirs, successors and assigns [the plaintiffs], in fulfilling the purposes for which this easement is granted including utilizing said facilities, provided such use is not beyond the carrying capacity of said facilities."
This reservation makes clear that the defendants are entitled to use the land within the easement as long as it does not unreasonably
interfere with the plaintiffs' use. In the present case, the court finds that the plaintiffs have not proved that the defendants have so unreasonably interfered with their use of the easement that injunctive relief is warranted or required. See, Connecticut light and Power Co. v.Holson Co., supra, 185 Conn. 444 ("Moreover, even if the trial court had determined that the defendant's vehicular activities did interfere with CLP's use and enjoyment of its easement, the court could have properly denied the injunction. "An injunction is an equitable remedy, and may be denied if the balance of the equities favors the defendant."). Plaintiffs have, as noted, proved that the defendants constructed the fence within the easement. The placement of the fence at the edge of the grass provides the defendants with an additional strip of pasture land. Certainly the fence should have been placed ten feet back at the easement CT Page 1162 edge but the strip of land that is now utilized would, in that case, presumably remain for landscape purposes only. While the plaintiffs may occasionally meet another vehicle on the gravel portion which would cause one vehicle to move to the side, the fence has nothing to do with that issue. According to the testimony, the unobstructed portion is as wide as most side roads which average 16-18 feet. The plaintiffs surely have generous access to their home; they have not proved that the fence either hinders their rights in connection with their utilities or their rights of access. There is simply no material interference.
This decision certainly does not mean that the defendants should or can intrude further into the easement. The purpose of the easement remains inviolate; material intrusions are prohibited. Indeed, if the plaintiffs needed use of the whole thirty feet for access or for utilities, the defendants' fence might have to be removed and, under the circumstances, most likely at no cost to the plaintiffs. This case is thus not dissimilar to the decision of Judge Foley in Stanley v. Renshaw, Superior Court, judicial district of Windham, Docket no. CV96 0054578 (June 14, 2002) (Foley, J.) in which he found "the plaintiff has the burden of establishing that the defendant's . . . improvements within the easement area materially interfered with his easement and [they have] failed to do so."
For the above reasons the requested injunctive relief requiring the removal of the fence is denied. No costs are awarded to either party.
BY THE COURT ___________________ Berger, J. CT Page 1163